UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNEL COLEMAN | CIVIL ACTION |
| VERSUS | NO. 05-799 |
| BURL CAIN ET AL. | SECTION "N" (2) |

## REPORT AND RECOMMENDATION

The petitioner, Donnel Coleman, filed a Motion for Relief from Judgment and Order pursuant to Fed. R. Civ. P. 60(b). Record Doc. No. 21. The presiding district judge issued a referral order in which he indicates, without ruling on the motion, that "there is good cause to believe that Coleman's petition was timely under the rule articulated in Jimenez [v. Quarterman, 555 U.S. — , 129 S. Ct. 681 (2009)]." Record Doc. No. 22. The district judge referred the matter to me "for a determination of (1) whether Coleman's petition is time-barred under present Supreme Court jurisprudence and (2) if so, whether he has made a substantial showing of the denial of a constitutional right." Id. The State has filed a response, Record Doc. No. 24, and Coleman has filed a reply, Record Doc. No. 26, all of which I have considered.

While it appears that Coleman's original habeas petition, if freshly filed or still pending today, would be timely under Jimenez, a merits determination of the particular issues referred to me is neither necessary nor appropriate. Whether plaintiff "has made a substantial showing of the denial of a constitutional right" is the standard for

determining whether a certificate of appealability should be issued in a habeas corpus case. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003). This is a Rule 60(b) motion to which the certificate of appealability standard does not apply. Instead, the Rule 60 standard applies, as explained by the United States Supreme Court in Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641 (2005). Applying Gonzalez and for the following reasons, I recommend that Coleman's Rule 60(b) motion be denied.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Coleman's habeas corpus petition, filed under 28 U.S.C. § 2254, was dismissed with prejudice by this court as time-barred on September 5, 2006, Record Doc. Nos. 12, 13, more than three years ago and more than two years before the Supreme Court's Jimenez decision. The dismissal was based on the then-current and controlling Fifth Circuit precedent in Salinas v. Dretke, 354 F.3d 425, 430 (5th Cir.), cert. denied, 541 U.S. 1032 (2004). In Salinas, the Fifth Circuit held that a state court's grant of a request for an out-of-time appeal tolls the applicable one-year limitations period, 28 U.S.C. § 2244(d), but it does not restart the running of that period, so that an already final conviction was not thereby rejuvenated. See McGee v. Cain, 104 Fed. Appx. 989, 991-992 (5th Cir. 2004) (applying Salinas rationale to Louisiana out-of-time appeal).

In his prior state criminal proceedings, Coleman had failed to file a timely direct appeal in the Louisiana courts after his conviction. See Record Doc. No. 8 (Report and

2

Recommendation). His conviction therefore became final, and he delayed more than one year before pursuing state and/or federal post-conviction relief.

More than one year after his conviction, Coleman was eventually granted an out-of-time appeal through his post-conviction filings in the state courts. However, under then-binding Fifth Circuit precedent, including <u>Salinas</u> (for which certiorari was denied in 2004) and <u>McGee</u>, the later-filed federal habeas petition (the instant action) was still untimely. Under Fifth Circuit precedent at that time, the out-of-time appeal did <u>not</u> change the date of finality of his conviction or impact the timeliness of his federal petition, and that was the basis on which his petition was dismissed in this court on September 5, 200<u>6</u>. Coleman appealed this court's judgment to the United States Court of Appeals for the Fifth Circuit, but his appeal was dismissed "for want of prosecution" on December 13, 2006, and the Fifth Circuit's judgment was issued as mandate. Record Doc. No. 19.

More than two years later, on January 13, 2009, the United States Supreme Court in <u>Jimenez</u> held that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." <u>Jimenez</u>, 129 S. Ct. at 686. The Supreme Court held that a habeas petitioner's state court judgment becomes final only upon "the conclusion of the

3

out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." Id. at 686-87. Thus, the Fifth Circuit's Salinas line of cases, upon which this court had relied in dismissing Coleman's habeas petition, was effectively abrogated or overruled by Jimenez.

In the instant motion brought pursuant to Fed. R. Civ. P. 60(b), Coleman seeks relief from this court's 2006 judgment based on the subsequent Jimenez holding. Coleman argues that this court's reliance on Salinas amounted to "mistake" under Rule 60, since the law has changed and the Jimenez decision is now the controlling and proper legal standard for determining the date of finality of his conviction for purposes of calculating the applicable statute of limitations. Coleman urges that his federal petition should now be found timely and evaluated on its merits.

II. MAY THIS COURT ADDRESS PLAINTIFF'S RULE 60 MOTION?

In 2005, the United States Supreme Court held that district courts have jurisdiction to consider Rule 60(b) motions in habeas corpus proceedings, so long as the Rule 60 motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). If the Rule 60(b) motion challenges the district court's denial of habeas relief on the merits, however, it must be considered a second or successive petition. Id. The Supreme Court resolved that the term "on the merits" refers,

in habeas corpus cases, "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id., 545 U.S. at 532 n.4. Thus, when a Rule 60(b) motion asserts one of those grounds or argues that a previous ruling regarding one of those grounds was in error, he is making a habeas corpus claim on the merits. On the other hand, if the motion "merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," his claim is not on the merits and can properly be considered under Rule 60(b) Id. (emphasis added).

Therefore, under Gonzalez, this court clearly has authority to consider Coleman's Rule 60(b) motion, because his underlying petition was dismissed as time-barred, not on the merits. In addition, the Fifth Circuit has long held that a Rule 60(b) motion is not a substitute for appeal. United States v. O'Neil, 709 F.2d 361, 372 (5th Cir. 1983); In re Air Crash at Dallas/Fort Worth Airport, 852 F.2d 842, 844 (5th Cir. 1988); Pryor v. U.S. Postal Service, 769 F.2d 281, 286 (5th Cir. 1985); Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1203 (5th Cir. 1993). The filing of an appeal places limits on the authority of a district court to grant a Rule 60(b) motion without leave of the appellate court. Shepherd v. International Paper Co., 372 F.3d 326, 329-30 (5th Cir. 2004). However, a district court is not required to obtain leave from the appellate court where

the Rule 60(b) motion is being considered <u>after</u> the appeal has been resolved and issued as mandate. <u>Id.</u>, 372 F.3d at 330-31 (citing <u>Standard Oil Co. of Cal. v. U.S.</u>, 429 U.S. 17, 18 (1976)). In this case, Coleman's appeal was dismissed for want of prosecution on December 13, 2006, and the Fifth Circuit issued its ruling as mandate, so that it appears that this court may address Coleman's post-appeal Rule 60(b) motion.

III. THE RULE 60(b) STANDARD

Fed. R. Civ. P. 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

A Rule 60(b) motion "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Coleman's Rule 60(b) motion was filed more than two years after the underlying judgment was entered. Thus, it is <u>not</u> timely insofar as it seeks relief for any of the reasons enumerated in Fed. R. Civ. P. 60(b)(1), (2) or (3), and

6

Coleman's motion should be denied in part as untimely insofar as it may assert any of those grounds for relief.

The United States Supreme Court has stated that "Rule 60(b) has an unquestionably valid role to play in habeas cases." Gonzalez, 545 U.S. at 534. The Gonzalez decision makes clear, however, that the same "limitations" contained in Rule 60(b) concerning its use and application that apply to all civil cases also apply in habeas corpus cases. Id. at 535. Disposition of a Rule 60(b) motion is committed to the sound discretion of the trial court. Garcia v. Woman's Hospital of Tex., 97 F.3d 810, 814 (5th Cir. 1996). The rule has its main application in cases in which the true merits of a case might never be considered because of technical error, fraud or concealment by the opposing party, or the court's inability to consider fresh evidence. Swift Chemical Co. v. Usamex Fertilizers, 490 F. Supp. 1343, 1349-1350 (E.D. La. 1980) (quoting Fackelman v. Bell, 564 F.2d 734, 735-36 (5th Cir. 1977)). Weighing against the granting of a Rule 60(b) motion is the need to uphold the finality of judgments, especially when the claims urged are not meritorious, and to avoid injustice to the movant and the opposing party. Edward H. Bohlin Co. v. The Banning Co., 6 F.3d 350, 356 (5th Cir. 1993); Blois v. Friday, 612 F.2d 938 (5th Cir. 1980); Swift Chemical Co., 490 F. Supp. at 1350.

In <u>Edward H. Bohlin Co.</u>, the Fifth Circuit recognized several factors to be considered when addressing a Rule 60(b) motion: (1) final judgments should <u>not</u> lightly be disturbed; (2) the rule is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to do substantial justice; (4) the timeliness of the motion; (5) whether the interest in deciding the case on the merits outweighs the interest in finality of the judgment and there is merit in the movant's claims; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factor relevant to the justice of the judgment under attack. To that end, Rule 60(b) "must be equitably and liberally applied to achieve substantial justice." <u>Blois</u>, 612 F.2d at 938; <u>Laguna Royalty Co. v. Marsh</u>, 350 F.2d 817, 823 (5th Cir. 1965).

As to instances in which a Rule 60 motion seeks relief under the Rule's catchall provision for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), the United States Supreme Court has imposed a further limitation beyond those set out in the Rule. "[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment . . . ('This very strict interpretation of Rule 60(b) is essential if finality of judgments is to be preserved.') Such circumstances will rarely occur in the habeas context." <u>Gonzalez</u>, 545 U.S. at 535.

IV.   ANALYSIS

As noted above, Coleman's motion was not timely filed within one year of the entry of judgment, insofar as it asserts any of the grounds for relief under Rule 60(b)(1), (2) or (3).  Thus, the motion should be denied in part for that reason.

As to the remaining three grounds for relief provided in Rule 60(b), assuming without deciding that Coleman has asserted them within a reasonable time (within about four months of the Jimenez decision), none offers any basis for relief.  Under Rule 60(b)(4), "[a] judgment is not void merely because it's erroneous.  11 C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 2862 at p. 326 n.8 and cases cited therein (West 1995) (hereinafter "Wright & Miller").  Instead, a judgment is void only if the court that rendered the judgment lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law.  Id. at pp. 326-29 n. 9-11.  There is no indication in this record of any circumstance that might render the subject judgment void for Rule 60(b)(4) purposes, and the motion should be denied to whatever extent, if any, that it seeks relief on Rule 60(b)(4) grounds.

Under Rule 60(b)(5), relief may be obtained if the judgment being attacked is based on an earlier judgment that has been reversed or vacated.  "This ground is limited to cases in which the present judgment is based on the prior judgment  in the sense of claim or issue preclusion.  It does not apply merely because a case relied on as precedent

by the court in rendering the present judgment has since been reversed." Id. at § 2863, pp. 334-35 n.9 and cases cited therein (emphasis added). Thus, the Supreme Court's reversal in Jimenez of the Fifth Circuit's Salinas line of cases on which Coleman bases the instant motion is not the kind of reversal contemplated by Rule 60(b)(5), and the motion should be denied to whatever extent, if any, that it seeks relief on Rule 60(b)(5) grounds.

Thus, the only remaining component of Rule 60(b) upon which Coleman might base his motion is Rule 60(b)(6), "any other reason that justifies relief." Again, the core basis for Coleman's motion in this regard is that the law as subsequently resolved by the Supreme Court in Jimenez would have resulted in a different decision than the overruled Salinas line of cases relied upon to reach the court's prior judgment.

This argument is almost identical to the argument made by the petitioner in Gonzalez, but rejected by the United States Supreme Court. In Gonzalez, the Supreme Court affirmed the denial of a Rule 60(b) motion seeking relief from a time-bar judgment after a change in the law under Artuz v. Bennett, 531 U.S. 4 (2000). In Artuz, the Supreme Court held that an application for state post-conviction relief was "properly filed" even if the state courts dismissed it as procedurally barred and, therefore, it tolled the one-year statute of limitations period applicable to federal habeas petitions. Artuz, 531 U.S. at 8-9.

In Gonzalez, petitioner's federal habeas corpus petition was found untimely when he did not receive tolling credit for a state post-conviction relief application that was denied on procedural grounds. Almost three years later, petitioner sought relief under Rule 60(b), seeking an order finding his federal habeas petition timely in light of the change in the law under Artuz. The Supreme Court rejected this argument and affirmed the denial of the Rule 60(b) motion, finding that the change in the law on limitations was <u>not</u> an extraordinary circumstance and did not justify reopening the final judgment:

> Petitioner's only ground for reopening the judgment denying his first federal habeas petition is that our decision in Artuz showed the error of the District Court's statute-of-limitations ruling. . . . As we noted above, however, relief under Rule 60(b)(6) - the only subsection petitioner invokes - requires a showing of "extraordinary circumstances." Petitioner contends that Artuz's change in the interpretation of the AEDPA statute of limitations meets this description. We do not agree. **The District Court's interpretation was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation**. Although our constructions of federal statutes customarily apply to all cases then pending on direct review, see, e.g., Harper v. Va. Dept. of Taxation, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final. If Artuz justified reopening long-ago dismissals based on a lower court's unduly parsimonious interpretation of § 2244(d)(2), then Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), would justify reopening long-ago grants of habeas relief based on a lower court's unduly generous interpretation of the same tolling provision.

Gonzalez, 545 U.S. at 536-37 (emphasis added).

The <u>Gonzalez</u> court also held that a habeas petitioner's lack of diligence in pursuing his direct appeal was a factor weighing <u>against</u> a finding of "extraordinary circumstances" necessary to support Rule 60(b)(6) relief. "The change in the law worked by <u>Artuz</u> is all the less extraordinary in petitioner's case, because of his lack of diligence in pursuing review of the statute of limitations issue. At the time <u>Artuz</u> was decided, petitioner had abandoned any attempt to seek review of the District Court's decision on this statute-of-limitations issue." <u>Id.</u> at 537. Similarly, Coleman's appeal of the judgment of this court which he now challenges was abandoned when Coleman permitted it to be dismissed for want of prosecution by his own inaction. Record Doc. No. 19.

For essentially the same reasons enunciated by the United States Supreme Court in <u>Gonzalez</u>, the change in the law announced in <u>Jimenez</u> is <u>not</u> a basis for granting relief under Rule 60(b)(6) in this case.

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's Motion for Relief from Judgment and Order pursuant to Fed. R. Civ. P. 60(b), Record Doc. No. 21, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this \_\_\_\_16th\_\_\_\_ day of September, 2009.

                                     JOSEPH C. WILKINSON, JR.
                                     UNITED STATES MAGISTRATE JUDGE